CHARLOTTE C. DRUMMOND et als. *vs.* CARRIE A. WITHEE.

Penobscot County. Decided March 1, 1922. This is a real action to recover possession of a lot of land on the southeasterly side of Holland Street in Bangor, measuring 200 feet on the street,

and 115.5 feet deep; the lot is unfenced except on its southeasterly side adjoining land of one Davis; it lies along said street southwesterly of the homestead of defendant's father and mother, and is not separated therefrom by any fence or other monument. The record title is conceded to be in the plaintiffs. The defendant holds a warrantee deed of the premises from her father and mother dated June 16, 1904, duly recorded on July 19, 1904, and claims title thereto under open, peaceable, notorious, adverse and exclusive possession thereof by her father for many years prior to June 16, 1904 and by herself since that date, originating in a contract of some kind for the purchase of the land from one Edward P. Baldwin, who died May 7, 1885.

The defendant has a verdict, which the plaintiffs ask us to set aside upon general motion. The charge of the presiding Justice is not printed, and no exceptions thereto are presented. We must therefore assume that adequate instructions as to the character and duration of the possession necessary to ripen into title were given to the jury.

We have carefully examined the record and are of the opinion that the testimony, if believed, clearly discloses acts of possession of the requisite character, continued for the requisite time, to support the verdict. The learned counsel for plaintiffs contends, (1) that the evidence is consistent with permissive use; but the testimony does not disclose that the possession was permissive, but rather tends to show that possession began under some contract of purchase made by Simeon W. Withee, father of defendant, with Edward P. Baldwin, the details of which the witnesses do not know; (2) that the possession was interrupted, and ownership was disclaimed by Simeon W. Withee at the time of his insolvency in March, 1882; but the jury would have been justified in finding that the possession was thereafter resumed during Mr. Baldwin's lifetime and that the disseizin continued uninterruptedly thereafter for the requisite period.

These were questions of fact for the jury and presumably were included with all other questions of fact in arriving at their verdict. Upon a careful examination of the record we cannot say that the verdict is clearly wrong. Motion overruled. *Howard M. Cook*, for plaintiffs. *Clinton C. Stevens*, for defendant.